IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,                    Case No. 6:20-mj-00190-MK-1
                                              **ORDER AND OPINION**

v.

ROBERT JOHN HARRINGTON, JR.,

            Defendant,

_____

AIKEN, District Judge:

Defendant, Robert Harrington, has been changed by criminal complaint with one count of conspiracy to possess with intent to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (viii), and 846. Doc. 1. On August 4, 2020, defendant was arrested pursuant to that charge. That same day, he was ordered detained pending trial by Magistrate Judge Mustafa Kasubhai at his initial appearance. Docs. 8, 9.

Page 1 – ORDER AND OPINION

On October 7, 2020, Magistrate Judge Kasubhai held a formal detention hearing where he denied defendant's motion for release. Doc. 44. Defendant then filed a motion to revoke that detention order. Doc. 46. This Court held oral argument on this matter on November 6, 2020. Doc. 52. The Court denied the motion on the record, giving specific reasons for the denial. This written order is issued to complete the record.

## LEGAL STANDARD

Review of a magistrate judge's release or detention order is de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

The Bail Reform Act ("BRA") governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. Id.

When, as here, there is probable cause to believe that the defendant has committed an offense identified under 18 U.S.C. § 924(c) and 21 U.S.C. §§ 841(a)(1), 84l(b)(l)(B)(vii), and 846 there is a rebuttable presumption that "no condition or

combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)

If a defendant proffers evidence to rebut the presumption in favor detention, a court can then consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

The presumption is not erased when a defendant proffers evidence to rebut it. Instead, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*; citing *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986).

Consideration of detention "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and

that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g)

### DISCUSSION

Here, the Court finds that the presumption in favor detention applies in this case and that defendant has presented evidence to rebut the presumption. Nevertheless, the presumption remains a factor weighing favor of detention.

Turning to the factors outlined under the BRA, the Court first finds that the nature and circumstances of the offense are significant. Defendant is accused of being a primary large-scale distributor for a large drug trafficking organization. He also allegedly committed these acts while on supervision to Lane County Circuit Court. Given his history and the alleged offense conduct, he faces a significant sentence which could range from ten years to life in custody.

Though it is the least important factor to be considered, the Court finds that the weight of the evidence against the defendant also supports detention.

The Court also finds defendant's previous criminal history also supports continued detention. As previously noted, defendant was on court supervision for a 2017 drug trafficking conviction when the current offense-conduct allegedly occurred. Moreover, that 2017 crime appears to have occurred while defendant was on probation for 2016 drug trafficking conviction.

The Court is mindful that defendant has recognized his need for substance abuse treatment. However, defendant's past behavior while on supervision is highly

concerning.  As the Court noted at oral argument, if defendant wanted help with his drug problem while on supervision, he could and should have reached out to his probation officer.

More importantly, the Court finds that there is not a suitable release plan which would ensure that defendant appears at future hearings as well as ensure the safety of the community.

Accordingly, the Court finds "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).

## CONCLUSION

For the reasons set forth above, defendant's motion to revoke the detention order issued by Magistrate Judge Kasubhai is DENIED.  Doc. 46.

IT IS SO ORDERED.

Dated this  24th  day of March 2021.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge